The LINCOLN NATIONAL BANK, a National Banking Association, Plaintiff,

v.

LAMPE, John B., Individually, et al., Defendants.

No. 75 C 2806.

United States District Court, N. D. Illinois, E. D.

Sept. 13, 1976.

---

See also D.C., 414 F.Supp. 1270.

Dent, Hampton & McNeela, Chicago, Ill., for plaintiff.

Robert F. Forrer and Kent Chandler, Jr., Wilson & McIlvaine, Chicago, Ill., for 1st Nat'l Bank of Lake Forest and (special appearance of) James F. Herber.

Douglas M. Reimer, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Federal Ins. Co.

Samuel K. Skinner, U. S. Atty. (FBI), Chicago, Ill., for John B. Lampe.

### MEMORANDUM OPINION

DECKER, District Judge.

The plaintiff in the instant securities fraud action seeks discovery of information relating to the criminal fraud cases of the defendants, John B. Lampe and Joseph Locelso.[1] Plaintiff Lincoln National Bank has caused a subpoena duces tecum to be served upon Ernest G. Locker, an agent of the F.B.I. and Robert Held, that agency's Chicago Director, requiring the F.B.I. to produce the documents and records it has in connection with the criminal cases of Lampe and Locelso. The government has filed a motion to quash the subpoena.

The government argues that the Department of Justice Regulations found at Title 28 CFR § 16.21–26 are controlling in this action. These regulations require the approval of the Attorney General or "the appropriate Department official" before an agent of the Department may produce material in response to a subpoena. The government states that the necessary approval has not been requested, but notes that it is understood that the Attorney General will not accede to production in this case. Arguing that this regulation is applicable to this case, the government points out that such rules have been upheld in the case of *Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

The plaintiff, however, asserts that the above regulations are not in issue where the information is sought pursuant to the Free-

---

1. Locelso is not a party to the instant case.

dom of Information Act, 5 U.S.C. § 552 *et seq.*

Lincoln Bank has requested the information sought in the subpoenas pursuant to FOIA. Its requests have been denied by the Agency. It asserts that it has complied with the Department of Justice Regulations for FOIA requests, Title 28 C.F.R. § 16.1 *et seq.*

The relevant statutory language, found at 5 U.S.C. § 552(a)(4)(B) gives federal district courts jurisdiction to enjoin the withholding of agency records "on complaint".[2]

Lincoln Bank maintains that the requirement of a complaint is satisfied by the securities law complaint filed in the instant action. The government argues that the statute requires a distinct complaint under the Freedom of Information Act. It argues that a FOIA question cannot be brought up by means of an answering memorandum to a motion to quash a subpoena.

■ Evidently the meaning of the two words "on complaint" in the context of this statute has not been construed in any reported opinion. The plaintiff has referred the court to several commentaries found in ALR Federal, and a footnote in a Harvard Law Review Article, where the writers expressed the opinion that a separate FOIA complaint would not be necessary in the context of on-going litigation. The government has responded that no case can be cited following this interpretation of the statute. The government maintains that the language of the statute is clear, and that FOIA describes the exclusive procedure for a review of a denial of information requests.

The plaintiff denies that the language of the statute unambiguously accords with the construction favored by the government.

Furthermore, it is apparent that plaintiff does not seek to avoid the congressionally selected *procedures* for FOIA review, nor does it seek to evade the designated *forum* (the Federal district court) for such review. Rather, the plaintiff seeks to have the prescribed review subsumed into the civil case for which the information is sought.

The government asserts that this would "open the door for every civil litigant to pervert every discovery tool into a jurisdictional grant to review the denial of FOIA requests." This may somewhat exaggerate the potential impact of plaintiff's contention, since litigants such as Lincoln Bank are not barred from bringing an independent FOIA action seeking information that would be valuable in civil discovery. Of course, such litigants face the risk that the FOIA suit might not be resolved before the termination of discovery in the underlying civil action.

While this question is a matter of first impression upon which the court can obtain little guidance, it seems apparent that Congress did not intend that a *de novo* hearing on the propriety of a refusal to release information could be triggered by nothing more than a discovery subpoena. The requirement of a complaint provides the defendant with a clear statement of the basis for the relief sought, and enables the government to adequately prepare its response. The instant complaint, dealing with securities law, fails to serve this function. The court cannot believe that when Congress expressly included a complaint as a prerequisite to a FOIA action, it contemplated that this requirement could be satisfied by a pleading totally unrelated to freedom of information questions.

The court also is well aware of the tremendous administrative burden caused by

**2.** 5 U.S.C. § 552(a)(4)(B) provides as follows:

"On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action."

the numerous requests for information arising under FOIA. Doubtlessly the preparation for a *de novo* hearing would delay the progress of the civil litigation to which it is attached. The interests of the other litigants in a speedy resolution of the action would be impeded by the difficulties facing the subpoenaed agencies. And the determination of the underlying case would also be hindered by the complex FOIA-related legal questions that would be superimposed upon the case in chief.

The court therefore concludes that Congress did intend that a separate complaint be filed under FOIA before a federal court obtains jurisdiction to enjoin a withholding of official information. To hold to the contrary would give undue precedence to FOIA requests in aid of discovery over all other FOIA requests.[3] Parties such as Lincoln Bank could thus jump ahead of those seeking release of information who do not have the advantage of a prior filed civil case. This would be particularly unfair in light of the current backlog of FOIA requests. Nor is it likely that Congress intended the result claimed by Lincoln Bank where this would increase the incentive for litigants to rely on government research rather than their own discovery efforts.

■ Accordingly, the court holds that since the plaintiff has not filed a complaint under the Freedom of Information Act, the enforceability of the instant subpoena is governed by the regulations found at Title 28 CFR § 16.21–26. These regulations being constitutional, *Touhy v. Ragen, supra,* the motion to quash the subpoena should be, and hereby is, granted.

---

**3.** The plaintiff's first FOIA requests were made on August 1, prior to the filing of this case on August 20, 1975. The final denials of these requests were made after the filing of this case. Thus the FOIA claim was not ripe at the time this case was filed.