Mary E. BURRELL, Administratrix of the Estate of Danny Dwight Burrell, Deceased, and Mary E. Burrell, as Guardian and Next Friend of Shilo Hope Burrell, a Minor, Plaintiffs,

v.

Jack RODGERS, d/b/a Rodgers Electric Company, Defendant and Third-Party Plaintiff,

v.

T & C CONSTRUCTION COMPANY, Third-Party Defendant.

No. CIV–76–1006–E.

United States District Court, W. D. Oklahoma.

April 1, 1977.

Silas C. Wolf, Jr., of Henson & Wolf, Shawnee, Okl., for plaintiffs.

Michael C. Stewart and A. T. Elder, Jr., of Cooper, Stewart, Elder & Abowitz, Oklahoma City, Okl., for defendant and third-party plaintiff Rodgers.

Robert F. Maris, Atty., U. S. Dept. of Labor, Dallas, Tex., for Ray Marshall, Secretary of Labor, U. S. Dept. of Labor.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

Wrongful death action, arising out of the electrocution of Danny Dwight Burrell, a carpenter, allegedly resulting from the negligent failure of the defendant to cut off the electricity in a building in which the deceased was performing remodeling work.

Defendant has issued a subpoena duces tecum and notice to take deposition[1] to the Acting Area Director of the Department of Labor, Occupational Safety and Health Administration (OSHA) seeking personal interview statements and copies of photographs taken in connection with OSHA's investigation of the incident, and certified copies of documents relating to penalties assessed against T & C Construction Company (upon whom defendant has served a third-party complaint). The latter has been provided to defendant, but the Secretary of Labor has moved to quash the subpoena insofar as the same seeks witnesses' statements and photographs on the (here somewhat tenuous) ground of informer's privileges[2] and the privilege of intra-governmental investigatory opinions, pursuant to Rule 26(b) Fed.R.Civ.P. Defendant has responded with a thorough and thoughtful brief, urging entitlement to the data under 5 U.S.C. § 552 (Freedom of Information Act, FOIA).

The court has concluded that the motion must be granted on a ground other than those addressed.

5 U.S.C. § 552(4)(B) reads in pertinent part:

"On complaint, [a] district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

The court has found but a single case construing the words "on complaint." *Lincoln National Bank v. Lampe*, 421 F.Supp. 346 (N.D.Ill.1976). In that case, as in this, the FOIA request was asserted in a responsive brief to a motion to quash a subpoena. The question before the court was whether the statutory phrase "on complaint" contemplated a separate action or whether the review prescribed might be subsumed into the private civil case for which the information was sought. The court determined:

"While this question is a matter of first impression upon which the court can obtain little guidance, it seems apparent that Congress did not intend that a *de novo* hearing on the propriety of a refusal to release information could be triggered by nothing more than a discovery subpoena.

\*　　\*　　\*　　\*　　\*　　\*

"The court therefore concludes that Congress did intend that a separate complaint be filed under FOIA before a federal court obtains jurisdiction to enjoin a withholding of official information. To hold to the contrary would give undue precedence to FOIA requests in aid of discovery over all other FOIA requests." At 348–349.

This court is also concerned that a contrary holding would encourage a proliferation of such subpoenas issued to various agencies in cases arising out of incidents as diverse as injuries on job sites, injuries resulting from ingestion of allegedly unreasonably unsafe drugs, injuries incurred in airplane crashes, etc., and would thereby make of the statute a vehicle for private

---

1. The deposition set for March 31, 1977, has been rescheduled by agreement for April 6, 1977.

2. Defendant does not seek the identity of *informants,* but rather statements taken from *witnesses* whose identity is already known.

litigation by way of governmental research, overwhelming its primary purpose to be a vehicle for public enlightenment as to the workings of the public's government.

Accordingly,

IT IS ORDERED that the Secretary of Labor's Motion to Quash be and the same hereby is granted.

The Clerk of the Court is directed to mail copies hereof to counsel of record and to the Office of the Solicitor of Labor.