In re William C. LUCABAUGH, Jr., Debtor.

William C. Lucabaugh, Jr., Appellant,

v.

Internal Revenue Service, et al., Appellees.

Bankruptcy No. 97–23893.
No. CIV. A. 00–4479.

United States District Court, E.D. Pennsylvania.

Dec. 19, 2000.

William Clarence Lucabaugh, Jr., Reading, PA, pro se.

Anthony R. Distasio, Reading, PA, John B. Herron, c/o Becket & Lee, LLP, Malvern, PA, Russell K. Stewart, Philadelphia, PA, for creditors.

### *ORDER*

NEWCOMER, Senior District Judge.

AND NOW, this 19th day of December, 2000, upon consideration of the appellant's Appeal of the Bankruptcy Court's July 28, 2000 Order dismissing debtor's Adversary Proceeding No. 00–2083, and appellee's Response thereto, it is hereby ORDERED that the decision of the Bankruptcy Court is AFFIRMED.

## I. BACKGROUND

On April 14, 1992, appellant filed a petition in the United States Tax Court protesting an income tax deficiency proposed by the IRS for tax year 1988.[1]  On Sep-

---

**1.** Appellant has subsequently filed a barrage of related actions, motions, and various other petitions.  From what now amounts to a procedural mire, the Court chooses to outline

tember 2, 1997, appellant filed the Chapter 13 bankruptcy petition at issue in the instant case. In the bankruptcy proceeding, appellant filed an objection to the proof of claim filed by the IRS for income taxes for the year 1988. On July 21, 1998, the Bankruptcy Court entered an order which allowed the IRS' proof of claim, and fixed appellant's tax liability for 1988.

On or about August 13, 1998, Kathleen Raup,[2] counsel for appellee, sent a Motion for Entry of Decision to the Tax Court asking the Court to enter a decision consistent with the Bankruptcy Court's July 21, 1998 Order fixing appellant's tax liabilities. Because the Tax Court case was automatically stayed by virtue of the bankruptcy filing, the Court did not accept the Motion for filing.

Although Ms. Raup's Motion for Entry of Decision with the Tax Court was not filed, appellant filed Adversary Proceeding No. 98–2234 on September 22, 1998, seeking damages against both the United States and Ms. Raup because appellant felt the IRS and Ms. Raup's attempt to file the Motion had violated the automatic stay. The United States subsequently filed a Motion to Dismiss, which was granted by the Bankruptcy Court pursuant to a hearing held on the Motion on April 29, 1999. The Court's June 11, 1999 Order dismissed the Complaint on the grounds that: (1) the Court lacked personal jurisdiction over the United States as required under Fed. R.Bankr.P. 7004(b)(4) and (5); (2) Ms. Raup was immune from suit because she was acting in her official capacity; and (3) the Complaint failed to state a claim upon which relief could be granted since no violation of the automatic stay occurred and appellant did not allege that he suf-

fered any damages. Appellant did not appeal from the order of dismissal.

Appellant then filed Adversary Proceeding No. 00–2083 in May 2000. This Complaint was nearly identical to the Complaint which was filed in Adversary Proceeding No. 98–2234 and dismissed by the Bankruptcy Court in its Order of June 11, 1999. Ms. Raup and the United States subsequently filed a Motion to Dismiss Adversary Proceeding No. 00–2083 on the grounds that the action against Ms. Raup was barred by res judicata and that appellant had failed to state claim against the United States.

On May 30, 2000, appellant filed a document entitled Action for Declaratory Judgment, whereby appellant requested that the Bankruptcy Court declare that parties to actions in Bankruptcy Court must be represented by counsel who are admitted to practice in Pennsylvania. On June 2, 2000, appellant filed a Motion Compelling Discovery and a Motion to Stay Proceedings, allegedly in an attempt to discover whether Ms. Raup and counsel Pat S. Genis were licensed to practice law in Pennsylvania.

A hearing was held on July 20, 2000 with respect to the Motion to Dismiss Adversary Proceeding No. 00–2083. Subsequently, on July 28, 2000, the Bankruptcy Court issued an order granting the Motion to Dismiss with prejudice and dismissing appellant's Motions Compelling Discovery and for Stay of Proceedings as moot. The Court held that: (1) the cause of action against Ms. Raup was barred by the doctrine of res judicata; (2) the Complaint failed to state a claim against the IRS because no violation of the automatic stay had occurred since the Motion filed by Ms. Raup was never accepted for filing in the

only those portions that are pertinent to the instant appeal.

2. Kathleen Raup's maiden name was Kathleen Kernaghan, which was used during the course of the proceedings described in this Opinion.

tax court, and even if a violation was deemed to have occurred from Ms. Raup's filing of the Motion, appellant did not allege that he suffered any damages as a result of Ms. Raup's actions; and (3) the Court lacked subject matter jurisdiction over appellant's claims under the Freedom of Information Act.

Appellant Lucabaugh then filed the instant Appeal challenging the July 28, 2000 Order ("July 2000 Order") entered by the Bankruptcy Court dismissing appellant's Adversary Proceeding, No. 00–2083.

## II. LEGAL STANDARD

■ This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. Moreover, in instances of an appeal from a bankruptcy court, a district court's scope of review is well settled. A bankruptcy court's factual findings may only be set aside if they are clearly erroneous. *See Sapos v. Provident Inst. of Sav.*, 967 F.2d 918, 922 (3rd Cir.1992); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3rd Cir.1989). In addition, a bankruptcy court's legal conclusions are subject to plenary and de novo review by a district court on appeal. *See id.*

## III. DISCUSSION

### A. RES JUDICATA

■ This Court first turns to the Bankruptcy Court's dismissal of Adversary Proceeding No. 00–2083 on the grounds of res judicata. Bankruptcy courts employ the common rules of res judicata. *Lewison Bros. v. Washington Sav. Bank (In re Lewison Bros.)*, 162 B.R. 974, 981 (Bankr. D.N.J.1993). "The doctrine of res judicata, now generally known as claim preclusion, bars relitigation of causes of action that have already been before a court, as long as certain conditions are met." *See Bernard Haldane Assoc., Inc. v. Harvard Prof'l Group*, 185 F.R.D. 180, 181 (D.N.J. 1999). As this Court stated in *Lewison*

*Brothers*, "[a]pplication of res judicata requires: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same causes of action." 162 B.R. at 981 (citing *Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir.1985)); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir.1984).

■ In the instant situation, appellant admittedly filed two similar adversary proceedings: one on September 22, 1998, and the other on or about May 6, 2000. Both actions sought damages against the United States and Ms. Raup, asking the Bankruptcy Court to declare that Ms. Raup violated the automatic stay by attempting to file a Motion for Entry of Decision with the Tax Court. This Court finds that the elements of res judicata were satisfied in this case: (1) the Bankruptcy Court's June 11, 1999 Order was a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) Adversary Proceeding No. 00–2083 was a subsequent suit based on the same causes of action. Therefore, the Bankruptcy Court properly dismissed the Complaint in No. 00–2083. Moreover, appellant fails to raise any arguments that the Bankruptcy Court erred in finding that the cause of action against Ms. Raup was barred by res judicata. Rather, appellant provides only a long discourse on Federal Rule of Civil Procedure 4 and Bankruptcy Rule of Procedure 7004—both of which are irrelevant for purposes of the instant appeal. Appellant's arguments appear to contest the June 11, 1999 Order, which unfortunately for him is not before this Court.

### B. VIOLATION OF THE AUTOMATIC STAY

■ This Court next turns to the Bankruptcy Court's finding that appellant failed to state a claim against the United States because no violation of the automat-

ic stay occurred, and even if a violation had occurred, appellant did not allege that he suffered any damages. Under Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition automatically gives rise to a stay that bars judicial action against a debtor. *See* 11 U.S.C. § 362; *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631 (3d Cir.1998). Only the Bankruptcy Court has the authority to grant relief from the stay. If relief from the stay is granted, judicial proceedings may then continue. *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991). In contemplation of violations of a stay, 11 U.S.C. § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." A violation is willful if the defendant knew of the stay and the defendant's acts were intentional. *See In re Atlantic Bus. and Comm. Corp.*, 901 F.2d 325, 329 (3d Cir. 1990).

Here, this Court determines that there was no judicial action that could have violated the automatic stay. As noted by the Bankruptcy Court in its July 2000 Order, Ms. Raup's Motion for Entry was never filed in the United States tax court. Furthermore, appellant fails to demonstrate or provide evidence that any judicial action in violation of the automatic stay took place. Even assuming arguendo that submission of the Motion at issue here constituted a violation of the stay, the Court concludes that there is no evidence of willful violation of the stay. While Ms. Raup undoubtedly was aware of the stay, it is apparent from, *inter alia,* the transcript of the February 26, 1998 hearing before the Bankruptcy Court that counsel for the United States was uncertain how the Tax Court would treat the stay when confronted with the Motion for Entry of Decision. Therefore, this Court concludes that there was no intentional act to violate the stay. Finally, appellant failed to demonstrate any injury that may have resulted from the alleged violation of the stay. In light of the foregoing, this Court finds that the Bankruptcy Court properly decided that there was no violation of the automatic stay and that appellant failed to state a claim upon which relief could be granted against the United States.

## C. SUBJECT MATTER JURISDICTION OVER FREEDOM OF INFORMATION CLAIMS

■ This Court finally considers the issue of whether the Bankruptcy Court properly decided that it lacked subject matter jurisdiction over appellant's FOIA claims. Pursuant to the Freedom of Information Act ("FOIA"), and "[o]n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Under the statutory provision, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989) (quoting *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)). Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements. *Tax Analysts*, 492 U.S. at 142, 109 S.Ct. 2841.

■ Appellees further argue that district courts are vested with *exclusive* jurisdiction under 5 U.S.C. § 552(a)(4)(B).

Moreover, the jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not without limit and there is a statutory, and eventually constitutional, limitation to the power of a bankruptcy court. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). For subject matter jurisdiction to exist, therefore, there must be some nexus between the "related" civil proceeding and the title 11 case. *Id.* The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Id.* Appellees also point out that district courts may vest its power in a Bankruptcy Court concerning "all core proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(b).

It has also been noted that "it seems apparent that Congress did not intend that a de novo hearing on the propriety of a refusal to release information could be triggered by nothing more than a discovery subpoena." *Lincoln National Bank v. Lampe,* 421 F.Supp. 346, 348 (N.D.Ill. Sept. 13, 1976). The *Lincoln* Court further went on to conclude that "Congress [intended] that a separate complaint be filed under FOIA before a federal court obtains jurisdiction to enjoin a withholding of official information. To hold to the contrary would give undue precedent to FOIA request in aid of discovery over all other FOIA requests." *Id.* at 349.

In the instant case, this Court finds that the Bankruptcy Court correctly dismissed appellant's FOIA claims, and properly held that it did not have subject matter jurisdiction over appellant's FOIA claims. First, appellant did not provide a sufficient showing that an agency improperly withheld agency records. Therefore, the Bankruptcy Court's dismissal of appellant's FOIA claims was proper. Second,

appellant's discovery requests under the FOIA did not constitute a core proceeding because his claims were not related to his bankruptcy case—the outcome of the claims could not have any effect on the estate being administered in bankruptcy. Thus, appellant's FOIA claims did not confer jurisdiction to the Bankruptcy Court. Third, appellant's discovery requests did not satisfy the statutory requirements for a separate complaint to be filed under FOIA; again, demonstrating that the Bankruptcy Court never obtained jurisdiction. Finally, the Court determines that appellant has suffered no harm in not receiving the information he sought.

For the reasons stated above, the Bankruptcy Court's order of July 28, 2000 is affirmed.

AND IT IS SO ORDERED.